Matthew L. Sharp, Esq.
Nevada Bar #4746
**MATTHEW L. SHARP, LTD.**
432 Ridge Street
Reno, Nevada 89501
Telephone: (775) 324-1500
matt@mattsharplaw.com

Scott Edward Cole, Esq. (*Pro Hac Vice* Forthcoming)
Laura Grace Van Note, Esq. (*Pro Hac Vice* Forthcoming)
Cody Alexander Bolce, Esq. (*Pro Hac Vice* Forthcoming)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
sec@colevannote.com
lvn@colevannote.com
cab@colevannote.com

*Attorneys for Representative Plaintiff*
*and the Plaintiff Class(es)*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

MICHAEL KINGEN & KELLEY RAMSEY, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

WARNER NORCROSS + JUDD LLP,

Defendant.

Case No.    **2:22-cv-01374**

**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**

1. **NEGLIGENCE;**
2. **BREACH OF IMPLIED CONTRACT;**
3. **UNJUST ENRICHMENT**

**[JURY TRIAL DEMANDED]**

Representative Plaintiffs alleges as follows:

## INTRODUCTION

1.      Representative Plaintiffs Michael Kingen ("Kingen") and Kelley Ramsey ("Ramsey") (collectively "Representative Plaintiffs") bring this class action against Defendant Warner Norcross + Judd LLP ("Defendant") for its failure to properly secure and safeguard Representative Plaintiffs' and Class Members' personally identifiable information stored within Defendant's information network, including, without limitation, their names, Social Security

numbers, and dates of birth (these types of information, *inter alia*, being hereafter referred to, collectively, as "personally identifiable information" or "PII").[1]

2.     With this action, Representative Plaintiffs seek to hold Defendant responsible for the harms it caused and will continue to cause Representative Plaintiffs and the countless other similarly situated persons in the massive and preventable cyberattack that Defendant discovered an October 22, 2021, by which cybercriminals infiltrated Defendant's inadequately protected network servers and accessed highly sensitive PII which was being kept unprotected (the "Data Breach").

3.     Representative Plaintiffs further seek to hold Defendant responsible for not ensuring that the compromised PII was maintained in a manner consistent with industry and other relevant standards.

4.     While Defendant claims to have detected unusual activity on its network as early as October 22, 2021, it did not immediately report the security incident to Representative Plaintiffs or Class Members. Indeed, Representative Plaintiffs and Class Members were wholly unaware of the Data Breach until they received letter(s) from Defendant informing them of it. In particular, the notices Representative Plaintiff received was dated July 11, 2022.

5.     Defendant acquired, collected, and stored Representative Plaintiff's and Class Members' PII and/or financial information in connection with Defendant's provision of legal services.

6.     Therefore, at all relevant times, Defendant knew, or should have known, that Representative Plaintiffs and Class Members would use Defendant's networks to store and/or share sensitive data, including highly confidential PII, because Defendant required that they provide this information to receive their products/services.

---

[1]     Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on their face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

7. By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff's and Class Members' PII, Defendant assumed legal and equitable duties to those individuals. These duties arise from state and federal statutes and regulations as well as common law principles.

8. Defendant disregarded the rights of Representative Plaintiffs and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required, and appropriate protocols, policies, and procedures regarding the encryption of data, even for internal use. As a result, the PII of Representative Plaintiffs and Class Members was compromised through disclosure to an unknown and unauthorized third-party—an undoubtedly nefarious third-party that seeks to profit off this disclosure by defrauding Representative Plaintiffs and Class Members in the future. Representative Plaintiffs and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one other Class Member is a citizen of a state different from Defendant.

10. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. §1367.

11. Defendant routinely conducts business in Nevada, has sufficient minimum contacts in Nevada and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within Nevada. Defendant has also collected data from residents of Nevada in its ordinary course of business.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

12. Venue is proper in this Court under 28 U.S.C. § 1391 because at least one Plaintiff resides in this Judicial District and the events that gave rise to Representative Plaintiff's claims took place within the District of Nevada, and Defendant does business in this Judicial District.

**PLAINTIFF**

13. Kingen is an adult individual and, at all relevant times herein, a resident of the State of Indiana. Kingen is a victim of the Data Breach.

14. In connection with its ordinary course of business, Defendant collected PII from Kingen. As a result, Kingen's information was among the data accessed by an unauthorized third-party in the Data Breach.

15. At all times herein relevant, Kingen is and was a member of the Classes.

16. Kingen provided Defendant with highly sensitive personal and financial information.

17. Kingen's PII was exposed in the Data Breach because Defendant stored and/or shared Representative Plaintiff's PII and financial information. Kingen's PII and financial information was within the possession and control of Defendant at the time of the Data Breach.

18. Ramsey is an adult individual and, at all relevant times herein, a resident of the State of Nevada. Ramsey is a victim of the Data Breach.

19. In connection with its ordinary course of business, Defendant collected PII from Ramsey. As a result, Ramsey's information was among the data accessed by an unauthorized third-party in the Data Breach.

20. At all times herein relevant, Ramsey is and was a member of the Classes.

21. Ramsey provided Defendant with highly sensitive personal and financial information.

22. Ramsey's PII was exposed in the Data Breach because Defendant stored and/or shared Ramsey's PII and financial information. Ramsey's PII and financial information was within the possession and control of Defendant at the time of the Data Breach.

23. Representative Plaintiffs each received a letter from Defendant, dated July 11, 2022, informing them that their PII and/or financial information was involved in the Data Breach

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

(the "Notice"). The Notice explained that "[o]n October 22, 2021, [Defendant] learned that unauthorized activity was reported involving some of [Defendant's] systems." It further provided that Defendant "took steps" to secure its network "and engaged a digital forensics firm to investigate the cause and scope of the incident.' Through this review, Defendant ultimately determined that Representative Plaintiff's data was among that affected in the Data Breach.[2]

24.    The notice also included a "**What You Can Do**" section that urged Representative Plaintiffs to review an attached document outlining what they should do to protect their information. It first recommended that they enroll in and activate the credit monitoring service Defendant was providing to victims of the Data Breach. The next step was to call the credit monitoring service to "gain additional information about this event and speak with knowledgeable representatives about the appropriate steps to take to protect your credit identity." Finally, it recommended that Representative Plaintiffs self-monitor their account statements and provided information about how they could obtain a copy of their respective credit reports.

25.    Based on Defendant's recommendation to take action to protect their data. Representative Plaintiffs have already spent and will continue to spend time dealing with the consequences of the Data Breach. This includes, without limitation, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring various accounts, and seeking legal counsel regarding options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

26.    Representative Plaintiffs suffered actual injury in the form of damages to and diminution in the value of Representative Plaintiff's PII—a form of intangible property that Representative Plaintiffs entrusted to Defendant for the purpose of receiving products/services, which was compromised in and as a result of the Data Breach.

---

[2]    A sample notice substantially similar to the one Representative Plaintiffs received was provided to the Vermont Attorney General's Office and can be found here: https://ago.vermont.gov/blog/2022/07/11/warner-norcross-judd-data-breach-notice-to-consumers/?utm_source=rss&utm_medium=rss&utm_campaign=warner-norcross-judd-data-breach-notice-to-consumers (last accessed July 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

27. Representative Plaintiffs suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing and using sensitive PII and/or financial information.

28. Representative Plaintiffs have suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from Representative Plaintiff's PII, in combination with Representative Plaintiff's name, being placed in the hands of unauthorized third-parties/criminals.

29. Representative Plaintiffs have a continuing interest in ensuring that the PII and financial information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

## **DEFENDANT**

30. Defendant is a Michigan limited liability partnership with a principal place of business located at 900 Fifth Third Center 111 Lyon St., NW, Grand Rapids, Michigan 49503.

31. Defendant provides a variety of legal services. In total, it has nine offices. According to its website, it practices in numerous areas, including bankruptcy, corporate, employee benefits, IT transactions, intellectual property, labor and employment, litigation and dispute resolution, real estate, resources and energy, trusts and estates, cybersecurity and privacy, data analytics and eDiscovery, data and information governance, family law/divorce, government advocacy, immigration, insurance, and compliance.[3]

32. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiffs. Representative Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

///

///

---

[3] See, https://www.wnj.com/practices (last accessed July 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**CLASS ACTION ALLEGATIONS**

33.    Representative Plaintiffs bring this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Representative Plaintiffs and the following class:

> "All individuals within the United States of America whose PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach discovered on October 22, 2021."

34.    Excluded from the Classes are the following individuals and/or entities: (a) Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; (b) all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; (c) any and all federal, state, or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (d) all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

35.    Representative Plaintiffs reserve the right to request additional subclasses be added, as necessary, based on the types of PII and financial information that were compromised and/or the nature of certain Class Members' relationship(s) to the Defendant. At present, collectively, Class Members include, *inter alia*, all persons within the United States whose data was accessed in the Data Breach.

36.    Representative Plaintiffs reserve the right to amend the above definition in subsequent pleadings and/or motions for class certification.

37.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is in the hundreds or

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

thousands of individuals. Membership in the Classes will be determined by analysis of Defendant's records.

b.    Commonality: Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether Defendant had a legal duty to Representative Plaintiffs and the Classes to exercise due care in collecting, storing, using, and/or safeguarding their PII;

2)    Whether Defendant knew, or should have known, of the susceptibility of its data security systems to a data breach;

3)    Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

4)    Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

5)    Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

6)    Whether Defendant adequately, promptly, and accurately informed Representative Plaintiffs and Class Members that their PII had been compromised;

7)    How and when Defendant actually learned of the Data Breach;

8)    Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Representative Plaintiffs and Class Members;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

9) Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10) Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII of Representative Plaintiffs and Class Members;

11) Whether Representative Plaintiffs and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct;

12) Whether Representative Plaintiffs and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c.  Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiffs Classes. Representative Plaintiffs and all members of the Plaintiffs Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein. The same event and conduct that gave rise to Representative Plaintiff's claims are identical to those that give rise to the claims of every Class Member because Representative Plaintiffs and Class Members alike had their Stored Data compromised in the same way by the same conduct of Defendant. Representative Plaintiffs and Class Members face identical threats resulting from the resetting of their hard drives and/or access by cyber-criminals to the Stored Data maintained thereon.

d.  Adequacy of Representation: Representative Plaintiffs are adequate representatives of each of the Plaintiff Classes in that Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case, and have retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiffs are not subject to any individual

defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. Representative Plaintiffs anticipate no management difficulties in this litigation. Representative Plaintiffs and their counsel will fairly and adequately protect the interests of all Class Members.

e.    Superiority of Class Action: The damages suffered by individual Class Members are significant but may be small relative to the enormous expense of individual litigation by each member. This makes, or may make it, impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Even if Class Members could afford such individual litigation, the court system could not. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

38.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

39.    This class action is also appropriate for certification because Defendant has acted and/or has refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Members and making final injunctive relief appropriate with respect to the Classes in their

2   entireties. Defendant's policies challenged herein apply to and affect Class Members uniformly

3   and Representative Plaintiff's challenge of these policies and conduct hinges on Defendant's

4   conduct with respect to the Classes in their entireties, not on facts or law applicable only to

5   Representative Plaintiffs.

6          40.     Unless a Class-wide injunction is issued, Defendant's violations may continue, and

7   Defendant may continue to act unlawfully as set forth in this Complaint.

8                          **COMMON FACTUAL ALLEGATIONS**

9   **The Cyberattack**

10         41.     In the course of the Data Breach, one or more unauthorized third-parties accessed

11  Class Members' sensitive data including, but not limited to, names, Social Security numbers, and

12  dates of birth. Representative Plaintiffs were among the individuals whose information was

13  accessed in the Data Breach.

14         42.     According to the sample data breach notification Defendant provided to the

15  Vermont Attorney General's Office on July 11, 2022, Defendant believes that unauthorized parties

16  gained access to its information network and, in doing so, accessed Representative Plaintiff's

17  private information.

18         43.     Representative Plaintiffs were provided this information upon receipt of the notice,

19  dated July 11, 2022. Representative Plaintiffs were not aware of the Data Breach until receiving

20  the Notice.

21  **Defendant's Failed Response to the Breach**

22         44.     Not until over a month after the Data Breach did Defendant begin sending the

23  Notice to persons whose PII and/or financial information Defendant confirmed was potentially

24  compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach

25  and Defendant's recommended next steps.

26         45.     Upon information and belief, the unauthorized third-party cybercriminals gained

27  access to Representative Plaintiff's and Class Members' PII with the intent of engaging in misuse

28  of the PII, including marketing and selling Representative Plaintiff's and Class Members' PII.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

46. Defendant had and continues to have obligations created by reasonable industry standards, common law, state statutory law, and its own assurances and representations to keep Representative Plaintiff's and Class Members' PII confidential and to protect such PII from unauthorized access.

47. Representative Plaintiffs and Class Members were required to provide their PII and financial information to Defendant with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

48. Despite this, Representative Plaintiffs and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PII and financial information going forward. Representative Plaintiffs and Class Members are left to speculate as to the full impact of the Data Breach and how exactly Defendant intended to enhance its information security systems and monitoring capabilities so as to prevent further breaches.

49. Representative Plaintiff's and Class Members' PII may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed PII for targeted marketing without the approval of Representative Plaintiffs and/or Class Members. Either way, unauthorized individuals can now easily access the PII and/or financial information of Representative Plaintiffs and Class Members.

**Defendant Collected/Stored Class Members' PII and Financial Information**

50. Defendant acquired, collected, and stored and assured reasonable security over Representative Plaintiff's and Class Members' PII and financial information.

51. To purchase or otherwise receive its goods/services, Defendant required that Representative Plaintiffs and Class Members provide it with, *inter alia*, their full names, Social Security numbers, and dates of birth.

52. By obtaining, collecting, and storing Representative Plaintiff's and Class Members' PII and financial information, Defendant assumed legal and equitable duties and knew or should

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

1    have known that they were thereafter responsible for protecting Representative Plaintiff's and

2    Class Members' PII and financial information from unauthorized disclosure.

3        53.    Representative Plaintiffs and Class Members have taken reasonable steps to

4    maintain the confidentiality of their PII and financial information. Representative Plaintiffs and

5    Class Members relied on Defendant to keep their PII and financial information confidential and

6    securely maintained, to use this information for business purposes only, and to make only

7    authorized disclosures of this information.

8        54.    Defendant could have prevented the Data Breach by properly securing and

9    encrypting and/or more securely encrypting its servers generally, as well as Representative

10   Plaintiff's and Class Members' PII and financial information.

11       55.    Defendant's negligence in safeguarding Representative Plaintiff's and Class

12   Members' PII and financial information is exacerbated by repeated warnings and alerts directed to

13   protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent

14   years.

15       56.    Due to the high-profile nature of many recent data breaches, Defendant was and/or

16   certainly should have been on notice and aware of such attacks occurring and, therefore, should

17   have assumed and adequately performed the duty of preparing for such an imminent attack.

18       57.    Yet, despite the prevalence of public announcements of data breach and data

19   security compromises, Defendant failed to take appropriate steps to protect Representative

20   Plaintiff's and Class Members' PII and financial information from being compromised

21   **Defendant Had an Obligation to Protect the Stolen Information**

22       58.    Defendant's failure to adequately secure Representative Plaintiff's and Class

23   Members' sensitive data breaches duties it owed Representative Plaintiffs and Class Members

24   under statutory and common law. Representative Plaintiffs and Class Members surrendered their

25   highly sensitive personal data to Defendant under the implied condition that Defendant would keep

26   it private and secure. Defendant had an implied duty to safeguard their data, independent of any

27   statute.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

59. In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiffs and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and financial information in Defendant's possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant owed a duty to Representative Plaintiffs and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the PII and financial information of Representative Plaintiffs and Class Members.

60. Defendant owed a duty to Representative Plaintiffs and Class Members to design, maintain, and test its computer systems, servers, and networks to ensure that the PII and financial information in its possession was adequately secured and protected.

61. Defendant owed a duty to Representative Plaintiffs and Class Members to create and implement reasonable data security practices and procedures to protect the PII and financial information in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

62. Defendant owed a duty to Representative Plaintiffs and Class Members to implement processes that would detect a breach on its data security systems in a timely manner.

63. Defendant owed a duty to Representative Plaintiffs and Class Members to act upon data security warnings and alerts in a timely fashion.

64. Defendant owed a duty to Representative Plaintiffs and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PII and/or financial information to Defendant.

65. Defendant owed a duty of care to Representative Plaintiffs and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

66. Defendant owed a duty to Representative Plaintiffs and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identity possible threats.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

**Value of the Relevant Sensitive Information**

67.     The ramifications of Defendant's failure to keep secure Representative Plaintiff's and Class Members' PII and financial information are long lasting and severe. Once PII and financial information is stolen, fraudulent use of that information and damage to victims may continue for years. Indeed, the PII and/or financial information of Representative Plaintiffs and Class Members was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PII and/or financial information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

68.     These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiffs and Class Members. For example, it is believed that certain PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiffs and Class Members for the rest of their lives. They will need to remain constantly vigilant.

69.     The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

70.     Identity thieves can use PII and financial information, such as that of Representative Plaintiffs and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

71.   There may be a time lag between when harm occurs versus when it is discovered, and also between when PII and/or financial information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[4]

72.   If cyber criminals manage to access to personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiffs and Class Members.

73.   And data breaches are preventable.[5] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[6] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised . . . ."[7]

74.   Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules, and procedures … Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs*."[8]

75.   Here, Defendant knew of the importance of safeguarding PII and financial information and of the foreseeable consequences that would occur if Representative Plaintiff's and Class Members' PII and financial information was stolen, including the significant costs that

---

[4]   *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed November 4, 2021).
[5]   Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[6]   *Id.* at 17.
[7]   *Id.* at 28.
[8]   *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    would be placed on Representative Plaintiffs and Class Members as a result of a breach of this

2    magnitude. Defendant had the resources to deploy robust cybersecurity protocols. It knew, or

3    should have known, that the development and use of such protocols were necessary to fulfill its

4    statutory and common law duties to Representative Plaintiffs and Class Members. Defendant's

5    failure to do so is, therefore, intentional, willful, reckless, and/or grossly negligent.

6        76.    Defendant disregarded the rights of Representative Plaintiffs and Class Members

7    by, *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and

8    reasonable measures to ensure that its network servers were protected against unauthorized

9    intrusions; (ii) failing to disclose that it did not have adequately robust security protocols and

10   training practices in place to adequately safeguard Representative Plaintiff's and Class Members'

11   PII and/or financial information; (iii) failing to take standard and reasonably available steps to

12   prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an

13   unreasonable duration of time; and (v) failing to provide Representative Plaintiffs and Class

14   Members prompt and accurate notice of the Data Breach.

### FIRST CLAIM FOR RELIEF
**Negligence**
**(On behalf of the Nationwide Class)**

17       77.    Each and every allegation of the preceding paragraphs is incorporated in this cause

18   of action with the same force and effect as though fully set forth herein.

19       78.    At all times herein relevant, Defendant owed Representative Plaintiffs and Class

20   Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII

21   and financial information and to use commercially reasonable methods to do so. Defendant took

22   on this obligation upon accepting and storing the PII and financial information of Representative

23   Plaintiffs and Class Members in its computer systems and on its networks.

24       79.    Among these duties, Defendant was expected:

25           a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding,

26                deleting and protecting the PII and financial information in its possession;

b.    to protect Representative Plaintiff's and Class Members' PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.    to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

d.    to promptly notify Representative Plaintiffs and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PII and financial information.

80.    Defendant knew that the PII and financial information was private and confidential and should be protected as private and confidential. Therefore, Defendant owed a duty of care not to subject Representative Plaintiffs and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

81.    Defendant knew, or should have known, of the risks inherent in collecting and storing PII and financial information, the vulnerabilities of its data security systems, and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

82.    Defendant knew, or should have known, that its data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PII and financial information.

83.    Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PII and financial information that Representative Plaintiffs and Class Members had entrusted to it.

84.    Defendant breached its duties to Representative Plaintiffs and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiffs and Class Members.

85.    Because Defendant knew that a breach of its systems could damage millions of individuals, including Representative Plaintiffs and Class Members, Defendant had a duty to adequately protect those data systems and the PII and financial information contained thereon.

86.    Representative Plaintiff's and Class Members' willingness to entrust Defendant with their PII and financial information was predicated on the understanding that Defendant would

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

take adequate security precautions. Moreover, only Defendant had the ability to protect its systems and the PII and financial information they stored on them from attack. Thus, Defendant had a special relationship with Representative Plaintiffs and Class Members.

87. Defendant also had independent duties under state and federal laws that required it to reasonably safeguard Representative Plaintiff's and Class Members' PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant and Representative Plaintiffs and/or the remaining Class Members.

88. Defendant breached its general duty of care to Representative Plaintiffs and Class Members in, but not necessarily limited to, the following ways:

    a.    by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiffs and Class Members;

    b.    by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PII and financial information had been improperly acquired or accessed;

    c.    by failing to adequately protect and safeguard the PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII and financial information;

    d.    by failing to provide adequate supervision and oversight of the PII and financial information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third-party to gather PII and financial information of Representative Plaintiffs and Class Members, misuse the PII, and intentionally disclose it to others without consent.

    e.    by failing to adequately train its employees to not store PII and financial information longer than absolutely necessary;

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

f.    by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PII and financial information;

g.    by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

h.    by failing to encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

89.    Defendant's willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

90.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiffs and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

91.    The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PII and financial information to Representative Plaintiffs and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII and financial information.

92.    Defendant breached its duty to notify Representative Plaintiffs and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify Representative Plaintiffs and Class Members and then by failing and continuing to fail to provide Representative Plaintiffs and Class Members sufficient information regarding the breach. To date, Defendant has not provided sufficient information to Representative Plaintiffs and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Representative Plaintiffs and Class Members.

93.    Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiffs and Class Members, Defendant prevented Representative

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Plaintiffs and Class Members from taking meaningful, proactive steps to secure their PII and
2  financial information.

3      94.    There is a close causal connection between Defendant's failure to implement
4  security measures to protect the PII and financial information of Representative Plaintiffs and
5  Class Members and the harm suffered, or risk of imminent harm suffered by Representative
6  Plaintiffs and Class Members. Representative Plaintiff's and Class Members' PII and financial
7  information was accessed as the proximate result of Defendant's failure to exercise reasonable
8  care in safeguarding such PII and financial information by adopting, implementing, and
9  maintaining appropriate security measures.

10      95.    Defendant's wrongful actions, inactions, and omissions constituted (and continues
11  to constitute) common law negligence.

12      96.    The damages Representative Plaintiffs and Class Members have suffered (as
13  alleged above) and will suffer were and are the direct and proximate result of Defendant's grossly
14  negligent conduct.

15      97.    Additionally, 15 U.S.C. §45 (FTC Act, Section 5) prohibits "unfair . . . practices in
16  or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or
17  practice by businesses, such as Defendant, of failing to use reasonable measures to protect PII and
18  financial information. The FTC publications and orders described above also form part of the basis
19  of Defendant's duty in this regard.

20      98.    Defendant violated 15 U.S.C. §45 by failing to use reasonable measures to protect
21  PII and financial information and not complying with applicable industry standards, as described
22  in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount
23  of PII and financial information it obtained and stored and the foreseeable consequences of the
24  immense damages that would result to Representative Plaintiffs and Class Members.

25      99.    As a direct and proximate result of Defendant's negligence and negligence *per se*,
26  Representative Plaintiffs and Class Members have suffered and will suffer injury, including but
27  not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII and financial
28  information is used; (iii) the compromise, publication, and/or theft of their PII and financial

information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) the continued risk to their PII and financial information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fail to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' PII and financial information in its continued possession; (vii) and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiffs and Class Members.

100.    As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiffs and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

101.    Additionally, as a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiffs and Class Members have suffered and will suffer the continued risks of exposure of their PII and financial information, which remain in Defendant's possession and are subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII and financial information in its continued possession.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Contract**
**(On behalf of the Nationwide Class)**

102.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

103.    Through its course of conduct, Defendant, Representative Plaintiff, and Class Members entered into implied contracts for Defendant to implement data security adequate to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

safeguard and protect the privacy of Representative Plaintiff's and Class Members' PII and financial information.

104. Defendant required Representative Plaintiffs and Class Members to provide and entrust their PII and financial information, including full names, addresses, and Social Security Numbers, to purchase products/services.

105. Defendant solicited and invited Representative Plaintiffs and Class Members to provide their PII and financial information as part of Defendant's regular business practices. Representative Plaintiffs and Class Members accepted Defendant's offers and provided their PII and financial information to Defendant.

106. As a condition of receiving services from Defendant, Representative Plaintiffs and Class Members provided and entrusted their PII and financial information to Defendant. In so doing, Representative Plaintiffs and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Representative Plaintiffs and Class Members if their data had been breached and compromised or stolen.

107. A meeting of the minds occurred when Representative Plaintiffs and Class Members agreed to, and did, provide their PII and financial information to Defendant, in exchange for, amongst other things, the protection of their PII and financial information.

108. Representative Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

109. Defendant breached the implied contracts it made with Representative Plaintiffs and Class Members by failing to safeguard and protect their PII and financial information and by failing to provide timely and accurate notice to them that their PII and financial information was compromised as a result of the Data Breach.

110. As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiffs and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

**THIRD CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On behalf of the Nationwide Class)**

111.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

112.    By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Representative Plaintiffs and Class Members.

113.    Defendant, prior to and at the time Representative Plaintiffs and Class Members entrusted their PII and financial information to Defendant for the purpose of purchasing products/services from Defendant, caused Representative Plaintiffs and Class Members to reasonably believe that Defendant would keep such PII and financial information secure.

114.    Defendant was aware, or should have been aware, that reasonable consumers would have wanted their PII and financial information kept secure and would not have contracted with Defendant, directly or indirectly, had they known that Defendant's information systems were sub-standard for that purpose.

115.    Defendant was also aware that, if the substandard condition of and vulnerabilities in its information systems were disclosed, it would negatively affect Representative Plaintiff's and Class Members' decisions to seek services therefrom.

116.    Defendant failed to disclose facts pertaining to its substandard information systems, defects, and vulnerabilities therein before Representative Plaintiffs and Class Members made their decisions to make purchases, engage in commerce therewith, and seek services or information. Instead, Defendant suppressed and concealed such information. By concealing and suppressing that information, Defendant denied Representative Plaintiffs and Class Members the ability to make a rational and informed purchasing decision and took undue advantage of Representative Plaintiffs and Class Members.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

117.    Defendant was unjustly enriched at the expense of Representative Plaintiffs and Class Members. Defendant received profits, benefits, and compensation, in part, at the expense of Representative Plaintiffs and Class Members.  By contrast, Representative Plaintiffs and Class Members did not receive the benefit of their bargain because they paid for products/services that did not satisfy the purposes for which they bought/sought them.

118.    Since Defendant's profits, benefits, and other compensation were obtained by improper means, Defendant is not legally or equitably entitled to retain any of the benefits, compensation, or profits it realized from these transactions.

119.    Representative Plaintiffs and Class Members seek an Order of this Court requiring Defendant to refund, disgorge, and pay as restitution any profits, benefits, and other compensation obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust from which Representative Plaintiffs and Class Members may seek restitution.

## **RELIEF SOUGHT**

**WHEREFORE,** Representative Plaintiff, individually and on behalf and each member of the proposed class, respectfully requests that the Court enter judgment in favor of the Plaintiff Class(es) and for the following specific relief against Defendant as follows:

1.    That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2.    For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

3.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PII, and from refusing to issue prompt, complete, and accurate disclosures to Representative Plaintiffs and Class Members;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

4.      For injunctive relief requested by Representative Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiffs and Class Members, including but not limited to an Order:

      a.      prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

      b.      requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state, or local laws;

      c.      requiring Defendant to delete and purge the PII of Representative Plaintiffs and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiffs and Class Members;

      d.      requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII;

      e.      requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

      f.      prohibiting Defendant from maintaining Representative Plaintiff's and Class Members' PII on a cloud-based database;

      g.      requiring Defendant to segment data by creating firewalls and access controls so that, if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

      h.      requiring Defendant to conduct regular database scanning and securing checks;

      i.      requiring Defendant to establish an information security training program that includes at least annual information security training for all employees,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    with additional training to be provided as appropriate based upon the

2    employees' respective responsibilities with handling PII, as well as

3    protecting the PII of Representative Plaintiffs and Class Members;

4       j.   requiring Defendant to implement a system of tests to assess its respective

5    employees' knowledge of the education programs discussed in the

6    preceding subparagraphs, as well as randomly and periodically testing

7    employees' compliance with Defendant's policies, programs, and systems

8    for protecting personal identifying information;

9       k.   requiring Defendant to implement, maintain, review, and revise as

10    necessary a threat management program to appropriately monitor

11    Defendant's networks for internal and external threats, and assess whether

12    monitoring tools are properly configured, tested, and updated;

13       l.   requiring Defendant to meaningfully educate all Class Members about the

14    threats that they face as a result of the loss of their confidential personal

15    identifying information to third parties, as well as the steps affected

16    individuals must take to protect themselves.

17       5.   For prejudgment interest on all amounts awarded, at the prevailing legal rate;

18       6.   For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

19       7.   For all other Orders, findings, and determinations identified and sought in this

20    Complaint.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

## JURY DEMAND

Representative Plaintiffs, individually and on behalf of the Plaintiff Class and/or Subclass(es), hereby demand a trial by jury for all issues triable by jury.

DATED this 24th day of August 2022.

MATTHEW L. SHARP, LTD.

_/s/ Matthew L. Sharp_
Matthew L. Sharp, Esq., Esq.
Nevada Bar No. 4746
432 Ridge Street
Reno, NV 89501
(775) 324-1500
matt@mattsharplaw.com

Scott Edward Cole, Esq.*
Laura Grace Van Note, Esq.*
Cody Alexander Bolce, Esq.*
COLE & VAN NOTE
555 12th Street, Suite 1725
Oakland, California 94607
T: (510) 891-9800
F: (510) 891-7030
sec@colevannote.com
lvn@colevannote.com
cab@colevannote.com
*Pro Hac Vice Forthcoming

*Attorneys for Representative Plaintiff
and the Plaintiff Class(es)*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800